ORDER OF DISMISSAL

The matter came before the Court on the 1st day of December, 2005 on Respondent’s Motion to Dismiss. Respondents argue that Petitioners, as individual members of the Tribal Council, lack standing to bring this cause of action against the Respondents, who are both private citizens of the Cherokee Nation.
In 2004, Respondents obtained an application to be married, but to date, Respondents completed application has not been filed with the District Court clerk. Petitioners seek and injunction that would prohibit Respondents from filing their application. Petitioners also seek a declaratory order from this Court stating that Respondents’ are not permitted to be married under Cherokee law.
The Cherokee standing doctrine has been well developed through a number of cases over the years. One of the previous cases dealt with the ability of a tribal council member to bring a lawsuit in this Court. In Phillips v. Eagle, JAT-98-09, this Court allowed an individual council member to bring a lawsuit, in his official capacity, to enforce the rights of Council as against the Deputy Chief. In Phillips, it was alleged that the Deputy Chief was suspending council meeting and otherwise interfering with the business of the Tribal Council. In Phillip, it was appropriate *18 for the council member to seek redress in this Court because the individual Council Member had demonstrated the requisite harm.
In some lawsuits we have allowed private citizens to bring lawsuits to enforce certain rights. In Mayes v. Blackfox, et ai, JAT-02-18 this Court held that a citizen has standing to challenge whether a council seat was properly filled. Likewise, in Corn silk v. Cherokee Nation Tribal Council, JAT-96-15, we held that a private citizen has standing to challenge the manner in which a vacant council seat was filled. Each of these cases speak to the right of Cherokee citizens to have the proper representative government. Each of these litigants demonstrated an individualized harm. Most recently this Court held that private citizens who voted in the previous election has standing to bring a lawsuit pertaining to whether the 1999 Constitution was in effect. (In re: 1999 Constitution, JAT-05-04; merits of this case are currently pending)
In other lawsuits, this Court has dismissed cases brought by private citizens because they failed to demonstrate individualized harm required for standing. In Cornsilk v. Frailey, JAT-05-03, a private citizen, who is Cherokee by blood, challenged a legislative act which effectively authorized the Cherokee Nation to continue in pending federal lawsuit. The private citizen was not a party to the federal lawsuit, nor did he fall within the class of people who would be affected by the federal lawsuit. In Mayes v. Thompson, JAT-95-15, this Court similarly dismissed a lawsuit brought by a private citizen to challenge legislative acts that did not result in actual harm to the petitioner.
Previously this year, this Court issued a decision in In re: Reynolds & McKinley, JAT-04-15, dismissing a cause of action brought by Todd Hembree on his own behalf as a private citizen of the Cherokee Nation. In that case, we held that Hem-bree lacked standing to challenge because he could not demonstrate an actual injury. Hembree argued that his reputation would be injured if Respondents were allowed to marry. The Petitioners in this case, raise a similar argument for actual injury, that they are protecting the Cherokee Nation from damage to reputation and they are seeking to stop actions these Petitioners view as inconsistent with Cherokee culture.
Petitioner, as members Of the legislative branch, must demonstrate that they have standing before they can proceed in litigation. Members of the Tribal Council, like private Cherokee citizens, must demonstrate a specific particularized harm, in the present case, the Council members fail to demonstrate the requisite harm.
Respondents’ Motion to Dismiss is hereby granted.
IT IS SO ORDERED.